```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA

                              )
JACQUES CLINTON,              )
                              )
           Plaintiff          )
                              )    Civil Action No. 04-1870
         vs.                  )    Judge Terrence McVerry/
                              )    Magistrate Judge Lisa
                              )    Pupo Lenihan
UNITED STATES BUREAU OF PRISONS, )
and JOSEPH SMITH, Former Warden of )
USP Lewisburg,                )
                              )
           Defendants         )
                              )
```

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.  RECOMMENDATION

It is recommended that, pursuant to the screening provisions of the PLRA, the complaint be dismissed prior to service for failure to state a claim upon which relief can be granted.

### II.  REPORT

#### A.  Relevant Procedural History

Jacques Clinton ("Plaintiff"), is a Federal prisoner, formerly housed at USP Lewisburg, which is located within the territorial boundaries of the Middle District of Pennsylvania[1]

---

[1]  See
http://www.bop.gov/locations/institutions/lew/index.jsp

(indicating that USP Lewisburg is located within the Middle District of Pennsylvania).  The Court takes judicial note of the fact that Lewisburg, wherein USP Lewisburg is located, is the county seat of Union County.  Union County is in the Middle District.  28 U.S.C. § 118(b).

and complains about conditions there.[2]  Plaintiff has filed this
Bivens[3] action against USP Lewisburg and its former Warden Joseph
Smith.  Plaintiff complains that when he was transferred to the
Special Housing Unit within USP Lewisburg, his property was
placed in the property storage room there and, while so stored,
was destroyed by rodents.  Plaintiff alleges that the Warden and
other staff "knew that the Rats were destroying inmate[']s
property in (SHU) property room, yet did nothing to exterminate
or condition the property of inmates to prevent the rats from
eating and destroying inmates['] property."  Doc. 2 at p. 4 at ¶
IV.  Plaintiff claims that the Defendants have deprived him of
his property without due process of law in violation of his Fifth

---

[2]  Notwithstanding that venue is not proper in this
district, the court may still screen the complaint pursuant to
the Prison Litigation Reform Act as venue does not raise an issue
of the court's subject matter jurisdiction.  See, e.g.,
Pinkston-El v. Washington, 215 F.3d 1330 (Table), 2000 WL 689189,
*1 (7th Cir. 2000)("the complaint is unavailing no matter where
venue lies and therefore must be dismissed under the grounds that
are listed in § 1915A. . . . Moreover, under 28 U.S.C. §
2244(d)(1) it is too late to commence a collateral attack on the
decision revoking the good-time credits. So this claim cannot be
litigated in either the Northern or the Central District of
Illinois, or any other district for that matter."); Peterson v.
BMI Refractories, 124 F.3d 1386, 1392 (11th Cir. 1997)("failure
to comply with those venue requirements does not deprive the
district court of subject matter jurisdiction"). In the interest
of judicial economy, it makes more sense to dispose of this case
under the PLRA in this district than to transfer it to the Middle
District and place the burden upon them to do so and needlessly
prolong these proceedings.

[3]  Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S.
388 (1971).

Amendment rights to procedural due process.

**B.    Applicable Legal Principles**

In the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions[4] brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.  Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996).  Because Plaintiff is a "prisoner" who has filed a civil action against a "governmental entity or officer or employee of a governmental entity" within the meaning of 28 U.S.C. § 1915A(a), the screening provisions of Section 1915A(b) apply herein.  Similarly, because Plaintiff is a "prisoner" challenging "prison conditions", the screening provision of 42 U.S.C. § 1997e(c)(1) also applies.  See, e.g., Porter v. Nussle, 534 U.S. 516, 532 (2002)(prison conditions include "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); Booth v. Churner,

---

[4]   In the pre-printed form complaint, Plaintiff made clear that he was bringing a Civil Rights Complaint pursuant to 28 U.S.C. § 1331 which is a Bivens action.  See Doc. 2 at p. 1 (checking the box indicating that he was bringing a civil rights action).  Bivens actions are subject to the PLRA's screening provisions.  See, e.g., Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(applying screening provisions to Bivens action); Baez v. Parks, 2004 WL 1052779,(S.D.N.Y. May 11, 2004); Retaskie v. Hemingway, No. 02-CV-72071-DT, 2002 WL 1480813, (E.D.Mich. June 27, 2002)("The screening provisions of the PLRA are applicable to Bivens actions brought by federal inmates.").

206 F.3d 289, 294-295 (3d Cir. 2000), aff'd, 532 U.S. 731 (2001) ("We read this clause to refer to civil actions ranging from excessive force actions, such as Booth's, to actions 'with respect to' a prison official's decision not to make basic repairs in the prison, or intentionally to deny a prisoner food, heating, or medical attention.  All of these actions affect the lives of prisoners similarly:  They make their lives worse."). These screening provisions permit a court to dismiss complaints if the court determines them to be frivolous, malicious, or if they fail to state a claim upon which relief may be granted.

In performing a court's mandated function of sua sponte reviewing a complaint under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under  28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'.  This is the familiar standard for a motion to dismiss under Fed.R.Civ.P. 12(b)(6)."), aff'd, 116 F.3d 473 (4th Cir. 1997) (Table).

The standard of review applicable to motions to dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) and, therefore, the

standard also under the PLRA, requires courts to determine
whether, under any reasonable reading of the pleadings, the
plaintiff may be entitled to relief, and we must accept as true
the factual allegations in the complaint and all reasonable
inferences that can be drawn therefrom. Holder v. City of
Allentown, 987 F.2d 188, 194 (3d Cir. 1993).  Since this is a
Bivens action, the complaint will state a claim only if it
sufficiently alleges deprivation of any right secured by the
Constitution or federal law which was caused by federal
government actors.  Evans v. Ball, 168 F.3d 856, 863 n.10 (5th
Cir. 1999) ("A *Bivens* action is analogous to an action under §
1983--the only difference being that § 1983 applies to
constitutional violations by state, rather than federal,
officials"), *overruled on other grounds as recognized in*, Izen v.
Catalina, 382 F.3d 566, 570 n.3 (5th Cir. 2004);  Lowry v.
Federal Bureau of Prisons, No. Civ.A. 05-CV-131-JBC, 2005 WL
1523564, *1 (E.D. Ky. June 24, 2005)("To state a claim that is
cognizable as a *Bivens* action, the plaintiff must plead two
essential elements. He must show that he has been deprived of
rights secured by the Constitution or laws of the United States
and that the defendants allegedly depriving him of those rights
acted under color of *federal* law.").

     In addition to the complaint, courts may consider matters of
public record, orders, exhibits attached to the complaint and

items appearing in the record of the case in disposing of a motion to dismiss under Rule 12(b)(6), and hence, under the screening provisions of the PLRA.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990); DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records).

C.  **Discussion of Procedural Due Process Claim**

Plaintiff is claiming that his procedural due process rights were violated by the Defendants' intentionally allowing rats to destroy his property.  Plaintiff however, cannot state a claim of deprivation of property without due process because such claims are barred by Hudson v. Palmer, 468 U.S. 517 (1984).

Under Hudson v. Palmer, the Supreme Court held that an intentional deprivation of property does not violate the plaintiff's procedural due process rights so long as there is a meaningful post-deprivation remedy.  Hudson v. Palmer, 468 U.S. at 533.  The federal courts have recognized that the existence of a grievance procedure in the federal prisons[5] and/or the existence of a cause of action under the Federal Tort Claims Act provides sufficient post deprivation process such that a

---

[5]  Plaintiff's complaint affirmatively discloses that there is a grievance procedure at USP Lewisburg.  Doc. 2 at p. 3 ¶ III. A.

prisoner's loss of property due to Federal prison officials' actions is not accomplished without due process.  See, e.g., Del Raine v. Williford, 32 F.3d 1024, 1037 (7th Cir. 1994)("The *Parratt* Court found no due process claim insofar as the state provided an adequate remedy for the deprivation. Here, as in *Parratt* and *Hudson*, on the federal level, the FTCA provides an adequate remedy.  This court also notes that in *Parratt*, the Court admonished 'the necessity of quick action by the State or the impracticality of providing any meaningful pre-deprivation process, when coupled with the availability of some meaningful means by which to assess the propriety of the State's action at some time after the initial taking, can satisfy the requirements of procedural due process.'")(footnote omitted);  Antonelli v. Caridine, 175 F.3d 1019 (Table), 1999 WL 106224, *3 (7th Cir. 1999)("Further, since a meaningful post-deprivation remedy exists for him, Antonelli fails to successfully allege a due process violation.  As the district court rightly discerned, even if Antonelli was unaware of the MCC's post-deprivation procedures, he had another viable post-deprivation remedy open to him--the Federal Tort Claims Act.")(citations omitted);  Wilson v. United States, 29 Fed.Appx. 495, 496 (10th Cir. 2002)("The prison provided Wilson with an administrative remedy after the loss of his books. Thus, he was afforded a meaningful post-deprivation remedy for the alleged loss and cannot assert a constitutional

claim."). <u>Cf</u>. <u>Austin v. Lehman</u>, 893 F. Supp. 448, 454 (E.D. Pa. 1995) (for state inmates both inmate grievance procedure and state tort law action constituted adequate post-deprivation remedies). The availability to Plaintiff of such post deprivation remedies as the BOP's grievance procedure and/or the FTCA, renders him unable to state a procedural due process claim. Hence, Plaintiff, cannot as a matter of law, make a claim under the Fifth Amendment for a deprivation of property without due process. As Plaintiff was not deprived by the defendants of property without due process, given that there are adequate post deprivation remedies, his complaint must be dismissed for failure to state a claim upon which relief can be granted.

### III. <u>CONCLUSION</u>

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


                              S/Lisa Pupo Lenihan
                              Lisa Pupo Lenihan
                              U.S. Magistrate Judge

Dated: August 22, 2005

8

cc:  The Honorable Terrence F. McVerry
     United States District Judge

     Jacques Clinton
     40758-004
     USP Leavenworth
     P.O. Box 1000
     Leavenworth, KS 66048-1000